IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
_____
Columbia Division

| | | |
|---|---|---|
| Randall Cobb, | ) | C/A No: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| G4S Secure Solutions (USA) Inc., | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, by and through his undersigned attorney and complaining of the Defendant, hereby allege the following facts:

## PREFACE

The Plaintiff, Randall Cobb, brings this diversity action against the Defendant G4S USA Secure Solutions (USA) Inc. causing his arrest and prosecution on the charge of Breach of Trust With Fraudulent Intent. This action is brought pursuant to the South Carolina common law for abuse of process and malicious prosecution.

## JURISDICTION AND VENUE

1.     Jurisdiction is founded on diversity between the parties pursuant to 28 U.S.C. §1332 and the value of the controversy exceeds $75,000. Venue is properly within this district and division under 28 U.S.C.§1391(a)(2), (b)(2), and the Local Rules of the South Carolina District Court as the events which give rise to this litigation occurred in the district of South Carolina, Columbia Division.

## PARTIES

2.     Plaintiff Randall Cobb is a citizen and resident of South Carolina.

1

3.     Defendant G4S Security Solutions USA is a foreign corporation organized under the laws of the State of Florida registered to do business in South Carolina having a registered agent of Prentice-Hall Corp in Columbia, South Carolina.   At relevant times G4S employees, including but not limited to Roberto Huie, Lawyer Scott, and Anthony Bell, were acting in the course and scope of their employment regarding the arrest and prosecution of Randall Cobb.  G4S is liable under a theory of *respondent superior* for the acts and omissions of its employees acting in the course and scope of their employment.

## FACTUAL ALLEGATIONS

4.     In 2016, Plaintiff Randall Cobb was an engineer with CSX Railroad in South Carolina.  When the railroad went through a series of layoffs, Plaintiff Cobb got employment as a security officer with Defendant G4S Secure Solutions in Columbia, South Carolina. In February of 2017, Plaintiff Cobb was able to return to the railroad, and quit working with Defendant G4S Secure Solutions.   At the time he was living in the upstate of South Carolina and not in Columbia.

5.     As was common practice, when an individual left their employment with G4S Solutions, they would take their uniform, patrol weapon and other work accessories to a work site and return them to a supervisor, who would inventory them and sign off on the return of the items.  Although attempting numerous times to make contact with his supervisor in an effort to return and inventory his uniform, patrol weapon and other accessories, his supervisor would not return his calls.

6.     On February 15, 2017, Supervisor Roberto Huie called the Richland County Sheriff's Department and made a false report.    Mr. Huie falsely alleged that Plaintiff

Cobb had been fired from his job and refused to return any phone calls and refused to return property of G4S. This information was known to be false by employees Huie, Scott and Bell (also employees of G4S). A police report was done and the case was assigned to Investigator Rains with the Richland County Sheriff's Department who, upon information and belief, opened an investigative file. No formal action was taken on the case to issue a warrant.

7.     On April 13, 2017, Plaintiff Cobb was able to return the uniform, weapon and accessories to a remote work cite to Supervisor Peggy Crum. This transaction is detailed in an inventoried catalog that was signed off by Plaintiff Cobb's supervisor, Mr. Scott.

8.     In spite of Plaintiff Cobb's numerous attempts to return the uniform, weapon and accessories to the Defendant, and in spite of him actually returning the items on April 13, 2017, Mr. Huie contacted Investigator Rains on April 14, 2017, one day later, and asked to move forward with prosecuting the Plaintiff on the crime of Breach of Trust With Fraudulent Intent.

9.     As a result, Investigator Rains applied for and was issued a warrant for the arrest of Plaintiff Cobb for Breach of Trust With Fraudulent Intent. There was no active attempt to serve this warrant on Plaintiff Cobb but, upon information and belief, it was placed in the NCIC.

10.     On or about April 1, 2018, almost one year after Plaintiff had complied with procedure and returned his uniform, patrol weapon and other accessories to the Defendant, he was stopped for a traffic infraction. When his information was run through NCIC, the outstanding warrant from Richland County warrant came up and the Pickens County Sheriff's Department took him into custody. He was handcuffed,

transported to jail, strip searched, and booked into the Pickens County Detention Center, where he stayed for 2 ½ days, causing him to miss Easter of that year with his small children.

11.    On or about April 3, 2018 Richland County transport picked him up in Pickens and he was transported to the Alvin S. Glenn Detention Center in Richland County where he was booked and subsequently released on bond.

12.    Plaintiff Cobb was forced to retain the services of a criminal defense attorney to defend this charge.   Plaintiff requested a jury trial, which came to be heard on November 15, 2018.  At the trial, the magistrate directed a verdict of not guilty and the charge was dismissed.

### THEORIES OF RECOVERY

### FOR A FIRST CAUSE OF ACTION
### MALICIOUS PROSECUTION AGAINST DEFENDANT G4S

Plaintiff hereby incorporates the factual allegations set for above as if restated herein.

13.    The acts and omissions of Roberto Huie acting in the course and scope of his employment with Defendant G4S constitutes the common law tort of malicious prosecution.  In that:

1) There was the institution and continuation of original judicial proceedings by the arrest and prosecution on the criminal charge of Breach of Trust With Fraudulent Intent ;

2) by, or at the insistence of  G4S through Roberto Huie;

3) the termination of the criminal proceedings in the Plaintiff's favor for reasons consistent with innocence;

4) the prosecution was done with actual malice or implied malice for want of probable cause;

5) there was not probable cause for the arrest; and

6) Plaintiff suffered deprivation of his liberty, estrangement from his family, humiliation in a strip search, emotional damage and financial damage in the form of attorney fees to defend a baseless criminal charge.

### FOR A SECOND CAUSE OF ACTION
### ABUSE OF PROCESS AGAINST DEFENDANT G4S

Plaintiff hereby incorporates the factual allegations set for above as if restated herein.

14.    The acts and omissions of Roberto Huie, and other employees of Defendant G4S now unknown, acting in the course and scope of their employment constitutes the common law tort of Abuse of Process in that Mr. Huie and Defendant G4S had an ulterior purpose, and committed a willful act in the use of the process that is not proper in the regular conduct of the proceeding. Specifically, intentionally lying to law enforcement regarding the failure to return company property and seeking to use the criminal justice system to resolve at most a civil dispute.   As a direct and proximate cause of the Defendant's acts and omissions, Plaintiff Cobb suffered a deprivation of his liberty, humiliation, and the expense of attorney fees to defend a baseless criminal charge.

### PRAYER

WHEREFORE, Plaintiff prays for judgment in compensatory and punitive damages

against Defendant G4S in an appropriate amount to be determined by a jury and for such further relief as the Court deems just or proper.

Respectfully submitted, this the 30th day of March, 2020, in Columbia, South Carolina.

s/J. Christopher Mills
J. CHRISTOPHER MILLS, ESQUIRE
Federal ID No.:  4802
Chris Mills Law
Post Office Box 8475
Columbia, South Carolina 29202
Telephone: (803)748-9533
Facsimile:  (803)753-9123
chris@chrismillslaw.com